**Francisco Javier OREA–BARBOSA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–73401.**

United States Court of Appeals, Ninth Circuit.

cation and is not precedent except as provid-

Submitted Oct. 19, 2010.*

Filed Nov. 2, 2010.

Jonathan Charles Dunten, Esquire, Law Office of Jonathan Dunten, San Francisco, CA, for Petitioner.

Oil, Julia Tyler, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

ed by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*

Francisco Javier Orea–Barbosa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Castillo–Cruz v. Holder,* 581 F.3d 1154, 1158–59 (9th Cir.2009), and we deny the petition for review.

The agency properly concluded that Orea–Barbosa was statutorily ineligible for cancellation of removal because his conviction constituted a crime of domestic violence. *Banuelos–Ayon v. Holder,* 611 F.3d 1080, 1083 (9th Cir.2010) (conviction under California Penal Code § 273.5 categorically a crime of violence). His remaining contentions are unavailing. *See Vasquez–Hernandez v. Holder,* 590 F.3d 1053, 1056–57 (9th Cir.2010); *see also Sanchez v. Holder,* 560 F.3d 1028, 1032 (9th Cir.2009) ("A statute giving the Attorney General discretion to grant relief from *inadmissibility* does not give the Attorney General discretion to grant relief from *removal.*") (emphasis in original).

**PETITION FOR REVIEW DENIED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.